

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00306-CR

_____

GABRIEL P. SALAS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1531338

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Gabriel P. Salas attempts to appeal his conviction for two counts of obstruction or retaliation. *See* Tex. Penal Code Ann. § 36.06(c). Salas pled guilty to those counts pursuant to a plea-bargain agreement, and the trial court sentenced him in accordance with that agreement to ten years' confinement on each count, to be served concurrently. As part of his plea-bargain agreement, Salas waived his right to appeal.

Consistent with Salas's plea-bargain agreement, the trial court's "Certification of Defendant's Right of Appeal" states that "the defendant has waived the right of appeal" and that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). On August 28, 2024, we notified Salas of the certification and warned him that we would dismiss the appeal unless we received a response by September 9, 2024, showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3. While Salas filed a response, it does not show grounds for continuing the appeal.[1]

In accordance with the trial court's certification, we dismiss Salas's appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *see, e.g.*, *Hubatch v. State*, No. 02-22-00153-CR, 2022

---

[1]Salas's substantive response consisted of the following one-sentence statement: "Co-erced [sic] plea the District Attorney co-erced [sic] [Salas] to plea for 10 years serv [sic] he would be release[d] in 9 days."

WL 4105417, at *1 (Tex. App.—Fort Worth Sept. 8, 2022, no pet.) (mem. op., not designated for publication).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 3, 2024